CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Alvin Marshall, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 7:25-cv-00201 |
| Thomas Meyer *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Alvin Marshall, a Virginia inmate proceeding *pro se*, filed this action claiming violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Marshall claims his due process rights were violated in connection with a conviction of an institutional disciplinary charge. He contends that there were "serious procedural errors" in connection with the conviction. Marshall primarily argues that the date listed in the "description of the offense" section of the disciplinary charge document (June 30, 2024) does not match the "offense date" listed in another section of the form (7/30/2024).

This matter is before the court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 14). For the reasons that follow, the court will grant the motion and dismiss this action.

### I.   Background

Marshall was charged with a disciplinary offense of threatening or intimidating a member of the public because of a letter he sent to someone outside the prison. (Dkt. 1-1 at

7.) He asked for and received a hearing, at which he was found guilty. (*Id.* at 7–8.) Marshall then challenged the conviction using the prison appeal policies. (*Id.* at 5–6.) He asserted a variety of defects in the disciplinary process, including the date discrepancy noted above. (*Id.* at 11–14.) His conviction was upheld after two levels of appeal, and a penalty of 120 days of loss of commissary privileges was imposed. (*Id.* at 5–6, 8.) Marshall has never contested that he mailed a letter to a member of the public that contained a threat.

Marshall named three individuals as Defendants in his complaint: Thomas Meyer (Regional Administrator for the Virginia Department of Corrections ("VDOC")); Karen Stapleton (Inmate Disciplinary Manager for VDOC); and M.E. Cordle (Hearings Officer at Keen Mountain Correctional Center, the facility housing Marshall). (Dkt. 1 at 1; Dkt. 15 ¶ 2.) Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a memorandum in support thereof. (Dkts. 15, 16.) The court issued a *Roseboro* notice (Dkt. 17) and a revised *Roseboro* notice (Dkt. 18). Marshall filed a response opposing the motion to dismiss. (Dkt. 20.)

## II.  Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint still must "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, not every claim that a prison regulation has been violated implicates the constitutional guarantees of due process. Here, Marshall claims that various procedural errors were present in the disciplinary hearing and appeal process. The court need not consider the merits of these asserted errors because Marshall's claim fails for a more fundamental reason. He has not established any protected liberty or property interest that triggers the protections of the Due Process Clause.

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Prisoners possess a liberty

interest in (1) state-created entitlements to early release from incarceration, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 377–81 (1987), and (2) being free from conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484 (1995). When a plaintiff fails to identify a protectable liberty or property interest that the defendants' actions placed in jeopardy, he fails to establish that he is owed any level of procedural protection under the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty [or property] interest . . . .").

Here, the only consequence of Marshall's disciplinary conviction was a loss of 120 days of commissary privileges. Numerous courts, including this district, have held that a loss of commissary privileges is not a significant or atypical hardship implicating a protected interest protected by Due Process. *See, e.g.*, *Allen v. Fields*, 7:21-cv-00244, 2022 WL 885775, at *5 (W.D. Va. Mar. 25, 2022); *Denson v. Bledsoe*, No. 7:06-cv-00193, 2006 WL 2850638, at *3 (W.D. Va. Sept. 29, 2006); *Jones v. Andrews*, No. 1:20-cv-00251, 2020 WL 4809440, at *5 (E.D. Va. Aug. 18, 2020). "When a prison provides for an inmate's basic necessities, he has 'no protected property or liberty interest in commissary privileges.'" *Jones*, 2020 WL 4809440, at *5 (quoting *Scott v. Burl*, No. 5:16cv00327, 2018 WL 1308963, at *6 (E.D. Ark. Feb. 5, 2018)) (citations omitted); *see also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (recognizing that a 30-day loss of commissary privileges "clearly" does not implicate due process concerns); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (finding no liberty interest in a loss of commissary privileges); *Husbands v. McClellan*, 990 F. Supp. 214, 217 (W.D.N.Y. 1998) ("The temporary loss of the various privileges alleged in this case—*i.e.*, telephone, package, commissary, and

- 4 -

recreation privileges—does not represent the type of deprivation which could reasonably be viewed as imposing an atypical and significant hardship on an inmate.").

## IV.     Conclusion and Order

For this reason, Marhsall's complaint fails to allege any plausible claim of entitlement to relief.  Accordingly, the court **GRANTS** Defendants' motion to dismiss (Dkt. 14) and **DISMISSES** this action.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 28th day of July 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE